IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALVIN O. BREWER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00238-O-BP |
| § | |
| KILIO KIJAKAZI, § | |
| ACTING COMMISSIONER OF § | |
| SOCIAL SECURITY, § | |
| § | |
| Defendant. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 21), filed October 13, 2022; and Plaintiff's Objection (ECF No. 23), filed October 27, 2022.  After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.

A district court must determine de novo any portion of the magistrate judge's conclusions and recommendations on dispositive matters to which the parties have filed specific, written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); *Parks v. Collins*, 761 F.2d 1101, 1104 (5th Cir. 1985). Utilizing the applicable standard of review, the district court may accept, reject, or modify, in whole or in part, the proposed findings and recommendations. *See* Fed. R. Civ. P. 72.

Plaintiff objects to the Magistrate Judge's finding that the administrate law judge ("ALJ") properly incorporated the mild and moderate mental limitations into the residual functional capacity ("RFC").[1] Plaintiff contends that the ALJ's RFC analysis should have explained why he rejected Dr. Meyer's moderate limitations conclusion for less severe limitations in his analysis.[2] The cases Plaintiff cites as supporting his position all involved claims filed **before** March 27, 2017.[3] *See Mayberry v. Saul*, No. 4:19-CV-1239, 2020 WL 5239124, at (S.D. Tex. Aug. 11, 2020), report and recommendation adopted, No. CV H-19-1239, 2020 WL 5234926 (S.D. Tex. Sept. 2, 2020); *Vandestreek v. Colvin*, No. 7:14-CV-00001-O, 2015 WL 1239739 (N.D. Tex. Mar. 17, 2015); *Taylor v. Astrue*, No. H-11-3762, 2012 WL 4955491 (S.D. Tex. Oct. 16, 2012); *Edwards v. Colvin*, No. 3:15CV227 HTW-LRA, 2016 WL 7976043 (S.D. Miss. Aug. 15, 2016). 20 C.F.R. § 404.1527 is the standard for ALJs when evaluating social security claims filed **before** March 27, 2017. *See* 20 C.F.R. § 404.1527. For claims filed on or after March 27, 2017, 20 C.F.R. § 404.1520c, **not** 20 C.F.R. § 404.1527, dictates how ALJs are to consider and articulate medical opinions. *See* 20 C.F.R. § 404.1520c. In this case, Plaintiff's claims were filed **after** March 27, 2017. Therefore, the caselaw cited by Plaintiff does not instruct the Court's analysis as the courts in those cases applied a different standard.

As noted, for medical opinions in social security cases where the claims were filed on or after March 27, 2017, § 404.1520c provides the "rules of the road" for ALJs seeking to explain their decisions. *Guy v. Comm'r of Soc. Sec.*, No. 4:20-CV-01122-O-BP, 2022 WL 1008039, at *4 (N.D. Tex. Mar. 14, 2022), rec. adopted 2022 WL 1004241 (N.D. Tex. Apr. 4, 2022). Under 20 C.F.R. § 404.1520c(b), an ALJ is required to "articulate in [her] determination or decision how

---

[1] Obj. 1, ECF No. 23.
[2] *Id.*
[3] *Id.* at 2.

persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." 20 C.F.R. § 404.1520c(b). The regulation sets forth certain "articulation requirements" and provides that "the most important factors" are "supportability" and "consistency." *Id.* § 404.1520c(b)(2). Beyond these articulation requirements, there is no statutory requirement that the ALJ explain the reasoning behind rejecting certain aspects of a medical opinion's severity findings in its RFC analysis.

In this case, the ALJ clearly states that he found "Dr. Myer's assessment of the claimant's mental functional capacity generally persuasive."[4] The ALJ also seemingly articulated the supportability and consistency factors.[5] Furthermore, even if the ALJ failed to articulate the supportability and consistency factors, such failure would be harmless error. Remand in this case is warranted only if the ALJ's error was harmful. *Miller v. Kijakazi,* No. 22-60541, 2023 WL 234773, at *3 (5th Cir. Jan. 18, 2023). Specifically, to warrant remand, Plaintiff has the burden to show that the ALJ's error was prejudicial. *Id.* (citing *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012)). Plaintiff fails to meet this burden. Remand is not warranted.

After reviewing all relevant matters of record in this case, the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court. Accordingly, it is **ORDERED** that the Commissioner's decision is **AFFIRMED**.

**SO ORDERED** on this **24th** day of **January, 2023**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[4] Administrative Record 20, ECF No. 15-1.
[5] *See id.*